UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| CHARLES ANDREWS, | CIVIL ACTION |
| Plaintiff | |
| VERSUS | NO. 17-14665 |
| W.S. SANDY MCCAIN, | SECTION "E"(4) |
| Defendant | |

## ORDER AND REASONS

Before the Court is a Report and Recommendation issued by Chief Magistrate Judge Karen Wells Roby recommending Petitioner Charles Andrews's petition for federal habeas corpus relief be dismissed with prejudice.[1] Petitioner objected to the magistrate judge's Report and Recommendation.[2] For the reasons that follow, the Court **ADOPTS** the Report and Recommendation as its own, and hereby **DENIES** Petitioner's application for relief.

## BACKGROUND

Petitioner is an inmate currently incarcerated in the Raymond Laborde Correctional Center in Cottonport, Louisiana.[3] On April 15, 2009, Petitioner was charged by Bill of Information in Orleans Parish with attempted first degree murder.[4] Petitioner was tried before a jury on March 17 and 18, 2010, and found guilty as charged.[5] On May 14, 2010, the state trial court sentenced Petitioner to fifty years in prison without benefit of parole, probation, or suspension of sentence.[6] During the pendency of Petitioner's

---

[1] R. Doc. 14.
[2] R. Doc. 15.
[3] R. Doc. 1.
[4] St. Rec. Vol. 1 of 5, Bill of Information, 4/15/09.
[5] St. Rec. Vol. 1 of 5, Trial Minutes, 3/17/10; Trial Minutes, 3/18/10; St. Rec. Vol. 4 of 5, Trial Transcript, 3/17-18/10; Jury Charge Transcript, 3/18/10; St. Rec. Vol. 3 of 5, Jury Verdict Form, 3/18/10.
[6] St. Rec. Vol. 1 of 5, Sentencing Minutes, 5/14/10; St. Rec. Vol. 4 of 5, Sentencing Transcript, 5/14/10. The

1

direct appeal, the trial court was ordered to rule on Petitioner's motion for post-verdict judgment of acquittal, which the trial court denied on October 22, 2010.[7] On February 16, 2011, the Louisiana Fourth Circuit affirmed the conviction, but remanded the matter for resentencing based on the trial court's failure to timely rule on the motion for post-verdict judgment of acquittal.[8] The trial court complied and on April 21, 2011, resentenced Petitioner to fifty years in prison without benefit of parole, probation, or suspension of sentence.[9] On September 23, 2011, the Louisiana Supreme Court denied Petitioner's writ application.[10] Petitioner did not file a writ application with the United States Supreme Court.[11]

On September 21, 2012, Petitioner, through new counsel, filed an application for post-conviction relief with the state court asserting three ineffective assistance of counsel grounds for relief.[12] The state trial court found one of the claims of ineffective assistance of counsel to be barred from post-conviction review, citing La. Code Crim. P. art. 930.3.[13] The trial court held evidentiary hearings on the remaining two claims.[14] On November 19, 2015, the trial court denied relief on the remaining claims, finding them to be meritless under *Strickland v. Washington*, 466 U.S. 668 (1984).[15] On April 12, 2016, the Louisiana

---

record includes numerous references to a multiple bill and related hearings. The record, however, does not include a copy of the multiple bill or a minute entry or order related to any resentencing related to the multiple bill.
[7] St. Rec. Vol. 4 of 5, Trial Court Order, 10/22/10; 4th Cir. Order, 2010-KA-1020, 9/17/10; St. Rec. Vol. 3 of 5, Motion for Post-Verdict Judgment of Acquittal, 4/6/10.
[8] *State v. Andrews,* 61 So.3d 121, 121 (La. App. 4th Cir. 2011); St. Rec. Vol. 4 of 5, 4th Cir. Opinion, 2010-KA-1020, 2/16/11.
[9] St. Rec. Vol. 1 of 5, Sentencing Minutes, 4/21/11.
[10] *State v. Andrews*, 69 So.3d 1156 (La. 2011); St. Rec. Vol. 5 of 5, La. S. Ct. Order, 2011-KO-0458, 9/23/11; La. S. Ct. Writ Application, 11-KO-0458, 3/4/11; St. Rec. Vol. 4 of 5, La. S. Ct. Letter, 2011-KO-458, 3/4/11.
[11] R. Doc. 14 at 4.
[12] St. Rec. Vol. 3 of 5, Application for Post-Conviction Relief, 9/21/12.
[13] St. Rec. Vol. 3 of 5, Trial Court Ruling, 3/19/13; State's Objections, 2/28/13; St. Rec. Vol. 1 of 5, Minute Entry, 3/19/13.
[14] St. Rec. Vol. 1 of 5, Minute Entry, 11/8/13; Minute Entry, 8/22/14; St. Rec. Vol. 2 of 5, State's Opposition, 9/19/14; Hearing Transcript, 11/8/13; Hearing Transcript, 8/22/14.
[15] St. Rec. Vol. 2 of 5, Trial Court Ruling, 11/19/15; St. Rec. Vol. 1 of 5, Minute Entry, 11/19/15.

Fourth Circuit denied Petitioner's writ application.[16] The Louisiana Supreme Court also denied Petitioner's subsequent writ application on October 27, 2017, pursuant to *Strickland*.[17]

On December 5, 2017, Petitioner, through counsel, filed the instant federal petition for habeas corpus relief in which he asserts he was denied effective assistance of counsel because his pretrial counsel[18] failed to file a motion to suppress evidence, namely the mail seized from Petitioner's girlfriend's former residence without a warrant or consent.[19] The State filed a response in opposition to Petitioner's federal petition.[20] The State concedes the timeliness of the petition[21] and asserts Petitioner's claim is without merit.[22]

## ANALYSIS

### I. Standard of Review

In reviewing the magistrate judge's Report and Recommendations, the Court must conduct a de novo review of any of the magistrate judge's conclusions to which a party has specifically objected.[23] As to the portions of the report that are not objected to, the Court needs only review those portions to determine whether they are clearly erroneous or contrary to law.[24]

---

[16] St. Rec. Vol. 5 of 5, 4th Cir. Order, 2016-K-0055, 4/12/16; 4th Cir. Writ Application, 2016-K-0055, 1/14/16.
[17] *State v. Andrews*, 228 So.3d 201 (La. 2017); St. Rec. Vol. 5 of 5, La. S. Ct. Order, 2016-KP-0876, 10/27/16; La. S. Ct. Writ Application, 16-KP-876, 5/10/16.
[18] Petitioner's pretrial counsel withdrew before trial. R. Doc. 14 at 13. Petitioner is currently represented by other counsel.
[19] R. Doc. 1 at 6.
[20] R. Doc. 12.
[21] The State concedes timeliness and outlines the efforts Petitioner made to exhaust state court review of his claim. R. Doc. 12. As Chief Magistrate Judge Roby found, "[t]he record does not reflect that [Petitioner's] claim is in procedural default." R. Doc. 14 at 6. Accordingly, the Court will proceed to substantive review of Petitioner's claim.
[22] R. Doc. 12.
[23] *See* 28 U.S.C. § 636(b)(1) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[24] *Id.*

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state court's purely factual determinations are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[25] A federal court must defer to the decision of the state court on the merits of a pure question of law or a mixed question of law and fact unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[26] A state court's decision is contrary to clearly established federal law if: "(1) the state court applies a rule that contradicts the governing law announced in Supreme Court cases, or (2) the state court decides a case differently than the Supreme Court did on a set of materially indistinguishable facts."[27] The AEDPA requires that a federal court "accord the state trial court substantial deference."[28]

## II. Ineffective Assistance of Counsel

In *Strickland v. Washington*, the Supreme Court established a two-pronged test for evaluating claims of ineffective assistance of counsel. Specifically, a petitioner seeking relief must demonstrate both: (1) counsel's performance was deficient and (2) the deficient performance prejudiced his defense.[29] A petitioner bears the burden of proof on such a claim and "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective."[30] "[A] court must indulge a strong presumption that counsel's conduct

---

[25] 28 U.S.C. § 2254(d)(2)
[26] *Id.* § 2254(d)(1).
[27] *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000).
[28] *Brumfield v. Cain*, 135 S. Ct. 2269 (2015).
[29] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).
[30] *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993); *see also Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000).

falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."[31]

To prevail on the deficiency prong of the *Strickland* test, a petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment.[32] "Counsel's performance is deficient if it falls below an objective standard of reasonableness."[33] Analysis of counsel's performance must consider the reasonableness of counsel's actions in light of all the circumstances.[34] "[I]t is necessary to 'judge . . . counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'"[35] A petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation.[36]

To prevail on the prejudice prong of the *Strickland* test, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[37] In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome."[38] In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial."[39] If a court finds that a petitioner has made an insufficient showing as to either

---

[31] *Strickland*, 466 U.S. at 689.
[32] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).
[33] *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998).
[34] *See Strickland*, 466 U.S. at 689.
[35] *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690).
[36] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).
[37] *Strickland*, 466 U.S. at 694.
[38] *Id.*
[39] *Crockett*, 796 F.2d at 793.

of the two prongs of inquiry, *i.e.*, deficient performance or actual prejudice, it may dispose of the ineffective assistance claim without addressing the other prong.[40]

The Supreme Court has clarified that, in applying *Strickland* on habeas review, "[t]he question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom."[41] Accordingly, a high level of deference is owed to a state court's findings under *Strickland* in light of AEDPA standards of review: "[t]he standards created by *Strickland* and §2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so."[42] Because scrutiny of counsel's performance under § 2254(d) is "doubly deferential,"[43] federal courts must take a "highly deferential" look at counsel's performance under the *Strickland* standard through the "deferential lens of § 2254(d)."[44]

Petitioner asserts he received ineffective assistance of counsel during his state court trial, arguing as follows:

> A motion to supress [sic] evidence was never filed by trial counsel. Trial counsel failed to preserve a significant issue by not objecting to evidence being produced. In this case, a New Orleans police officer conducted a search, without consent or a warrant, of occupied non-abandoned property, where the defendant resided, of a residence in Jefferson Parish (which was outside of the Orleans parish officer's jurisdiction, and seized U.S. Mail, which is a crime on its own. This is ineffective assistance as the police officer had no legal right to enter the property, and had trial counsel been effective this issue would have been litigated and led to a different outcome.[45,46]

Petitioner previously asserted these arguments in his state court application for post-

---

[40] *Strickland*, 466 U.S. at 697.
[41] *Harrington v. Richter*, 562 U.S. 86, 103 (2011).
[42] *Id.* at 105 (internal quotations marks and citations omitted).
[43] *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009)).
[44] *Id.* (citing *Strickland*, 466 U.S. at 689, and quoting *Knowles*, 556 U.S. at 121 n.2).
[45] R. Doc. 1 at 6.
[46] The magistrate judge notes the item was not itself "mail" but a notice the U.S. Postal Service had attempted to deliver mail to Petitioner. R. Doc. 14 at 14-15.

conviction relief. For the sake of clarity, the Court summarizes the pertinent state court pre-trial proceedings concerning the mail receipt. On July 9, 2009, at the hearing held before Petitioner's trial, the following occurred:

1) The investigating officer testified[47]:

    a. after the victim was released from the hospital, he showed them the house where he met Petitioner[48];

    b. the officers learned from the landlord that the tenants had recently moved out, and the electricity was turned off, and the house appeared abandoned[49];

    c. the lessee had been Geralyn McGee, who owned the cell phone the victim used to call Petitioner[50];

    d. the officers also saw a mail delivery notice from the postal service stuck to the door and addressed to Charles Andrews, which they did not seize right away, but rather at a later time while the residence was still unoccupied.[51]

2) Petitioner's pretrial counsel questioned the investigating officer about the house and the mail delivery notice that was retrieved, how he obtained the address of the residence, and the identity of the person who owned the cell phone number used to link the house to Petitioner[52];

3) At the conclusion of the hearing, the trial court held that no motion to suppress

---

[47] Similar testimony was given by the officer during trial. St. Rec. Vol. 4 of 5, Trial Transcript, p. 50-52, 3/17-18/10.
[48] St. Rec. Vol. 4 of 5, Hearing Transcript, p. 7, 7/9/09.
[49] St. Rec. Vol. 4 of 5, Hearing Transcript, pp. 8, 9, 7/9/09.
[50] St. Rec. Vol. 4 of 5, Hearing Transcript, pp. 7, 9, 7/9/09.
[51] St. Rec. Vol. 4 of 5, Hearing Transcript, pp. 8, 20, 7/9/09.
[52] St. Rec. Vol. 4 of 5, Hearing Transcript, pp. 20-23, 7/9/09.

7

evidence would lie.[53]

After the evidentiary hearings, the trial court held the following:

1) When police arrived at the address obtained through information provided by the victim, the residence appeared abandoned and the electricity was disconnected;

2) The landlord confirmed to police that the tenant, Petitioner's girlfriend, had previously moved out;

3) Petitioner had no right of privacy at his girlfriend's former residence, especially considering that neither the girlfriend nor Petitioner lived at the residence when the police seized the mail receipt;

4) The mail receipt was found in plain view and there were no grounds shown for its suppression;

5) Petitioner failed to prove that his counsel acted deficiently or that the outcome of the trial would have been different had counsel filed a motion to suppress, as required under *Strickland*.[54]

Following this, the Louisiana Supreme Court also found that Petitioner failed to meet his burden of proof under *Strickland*.[55]

On post-conviction review, Petitioner challenged his pretrial counsel's performance for not filing a motion to suppress. At the post-conviction evidentiary hearing, the following occurred:

1) Petitioner's pretrial counsel was questioned about the pretrial hearing and the questions he asked during that hearing to the investigating officer, with specific focus on the abandoned residence and the mail delivery notice.[56]

2) Petitioner's pretrial counsel testified:

   a. his main focus at the time was on the suppression of the identification made by

---

[53] St. Rec. Vol. 4 of 5, Hearing Transcript, p. 37, 7/9/09.
[54] St. Rec. Vol. 2 of 5, Trial Court Ruling, 11/19/15; St. Rec. Vol. 1 of 5, Minute Entry, 11/19/15.
[55] *State v. Andrews*, 228 So.3d 201 (La. 2017); St. Rec. Vol. 5 of 5, La. S. Ct. Order, 2016-KP-0876, 10/27/16; La. S. Ct. Writ Application, 16-KP-876, 5/10/16.
[56] St. Rec. Vol. 2 of 5, Hearing Transcript, 11/8/13.

        the victim, which was done before the mail notice was seized[57];

b. he recalled having overall concerns with the investigation and development of Petitioner as a suspect, but nothing in particular with the mail notice[58];

c. the record showed the detective did speak with the owner of the property and Petitioner and his girlfriend no longer lived in the residence when the detective was on the property[59];

d. he enrolled in the case after pretrial motions had concluded and did not file any further pretrial motions.[60]

After the post-conviction evidentiary hearings, the trial court held Petitioner failed to establish he had any privacy rights at the abandoned residence or in the mail delivery notice stuck in the door of the abandoned residence and, as a result, Petitioner's pretrial counsel had no grounds to challenge the taking of that mail notice in a motion to suppress.[61]

Petitioner has failed to demonstrate the state courts' decision was contrary to or an unreasonable application of *Strickland*. Applying the *Strickland* standards, the record demonstrates Petitioner's pretrial counsel made a strategic decision to push forward on the motion to suppress the identification made by the victim and, after hearing the testimony of the officer at the pretrial hearing, made a sound, strategic choice to argue the motion to suppress the identification and not to pursue a motion to suppress the mail delivery notice. Even if Petitioner's pretrial counsel thought he should have filed more motions in retrospect, *Strickland* requires courts to judge counsel's challenged conduct "viewed as of the time of counsel's conduct.'"[62] As Petitioner's pretrial counsel testified, the pretrial testimony by the

---

[57] St. Rec. Vol. 2 of 5, Hearing Transcript, 8/22/14.
[58] *Id.*
[59] *Id.*
[60] *Id.*
[61] St. Rec. Vol. 2 of 5, Trial Court Ruling, 11/19/15.
[62] *Lockhart*, 506 U.S. at 371 (quoting *Strickland*, 466 U.S. at 690).

detective revealed nothing that would have called for suppression of the mail delivery notice taken from the empty residence.[63] Chief Magistrate Judge Roby found, and this Court agrees: "[a]s determined by the state courts, the record discloses no basis for [Petitioner's] counsel to have filed a motion to suppress in this case."[64] Because counsel is not ineffective for failing to "'make futile motions or objections,'"[65] Petitioner is unable to overcome a strong presumption that the conduct of his pretrial counsel falls within a wide range of reasonable representation.[66] Petitioner has failed to establish the state courts' denial of relief on this issue was contrary to or an unreasonable application of *Strickland*, and accordingly Petitioner is not entitled to relief on this issue.

The Court, having considered the record, the applicable law, relevant filings, and the magistrate judge's Report and Recommendation finds the magistrate judge's findings of fact and conclusions of law are correct and hereby approves the United States Magistrate Judge's Report and Recommendation and **ADOPTS** it as its opinion in this matter.[67]

## CONCLUSION

**IT IS ORDERED** that Petitioner Charles Andrews's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be and hereby is **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, this 12th day of August, 2019.**

                                               *Susie Morgan*
                                               **SUSIE MORGAN**
                                       **UNITED STATES DISTRICT JUDGE**

---

[63] St. Rec. Vol. 2 of 5, Hearing Transcript, 8/22/14.
[64] R. Doc. 14 at 15.
[65] *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002) (quoting *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990)).
[66] *See Crockett*, 796 F.2d at 791; *Mattheson*, 751 F.2d at 1441.
[67] R. Doc. 14.